## Commonwealth v. Bowers

*Paul M. Petro, assistant district attorney,* for the Commonwealth.
*Neil J. Marcus,* for defendant.

BELL, *J.*, July 6, 1992—This matter comes before the court upon the motion of the defendant, David M. Bowers, to suppress evidence.

As way of background, the defendant Bowers is charged at the above number with solicitation to commit criminal homicide involving the death of John Cassidy. On February 12, 1991, John Cassidy was shot to death by his wife, Mary Kay Cassidy. Sometime subsequent to his death it was learned that the victim, John Cassidy, had placed an electronic interceptor device on his telephone line and tape recorded a conversation between his wife and the defendant plotting his death.

Mary Kay Cassidy was subsequently charged with criminal homicide and on June 4, 1991, pursuant to a plea bargain, entered a voluntary non-coercive plea of guilty to third-degree murder. On May 4, 1992, Mrs. Cassidy was sentenced by this court to no less than five years, no more than ten years incarceration.

Pursuant to the plea bargain, Mary Kay Cassidy was to cooperate in the investigation of the defendant and to testify in any criminal proceedings brought against Bowers arising out of the death of her husband.

The thrust of the defendant's motion is two fold:

(1) To suppress the cassette-tape recording of the phone conversation between himself and Mary Kay Cassidy; and

(2) To suppress any and all testimony against him by his co-defendant Cassidy.

A hearing was held on June 24, 1992, and the court makes the following findings:

For the reasons stated of record, the court by order dated June 24, 1992, granted the defendant's motion to

suppress the cassette-tape recording of the telephone conversation as violation of the Wiretapping and Electronic Surveillance Act. (See 18 Pa.C.S. §5701, et. seq.)

With respect to suppressing any testimony from Mary Kay Cassidy implicating the defendant in the killing of John Cassidy, the defendant argues that the Pennsylvania State Police had used the illegally obtained taped phone conversation[1] to coerce her confession that implicated Bowers. Thus, her testimony would be impermissibly tainted as being derived from the now illegally taped conversation. Further, the defendant draws the analogy that the Cassidy testimony would be in violation of the "fruit of the poisonous tree" doctrine which has its origin rooted in the Fourth Amendment of the U.S. Constitution proscribing illegal search and seizures.

Title 18 Pa.C.S. §5721 (Wiretapping Act) provides in pertinent part:

"(a) *Motion to Suppress*—Any aggrieved person in any trial, hearing, or other adversary proceeding in or before any court or other authority of this Commonwealth may move to suppress the contents of any intercepted wire, electronic or oral communication, or evidence derived therefrom, on any of the following grounds:

"(1) The communication was unlawfully intercepted....

"The so-called 'fruit of the poisonous tree'" doctrine holds that not only evidence which is improperly obtained inadmissible in a criminal proceeding or trial, but also any properly obtained evidence if its acquisition was founded upon illegally obtained evidence.

---

1. The court notes that the defendant Bowers has no standing to challenge the legality of Mrs. Cassidy's confession and her subsequent guilty plea to third-degree murder.

This doctrine has application not only to real and demonstrative evidence, but also to verbal evidence from a witness discovered as a result of the illegally obtained evidence.

However, the poisonous tree doctrine has no application if the evidence sought to be introduced at trial (i.e. Cassidy's testimony) is gained from an independent source.

Consequently, it is not necessary to hold that all evidence is fruit of the poisonous tree simply because it would not have come to light but for the illegal action of the police.[2] *Wong Sun v. United States,* 371 U.S. 471, 9 L.Ed.2d 441, 83 S.Ct. 407 (1963). *Commonwealth v. Ruckinger,* 239 Pa. Super. 520, 362 A.2d 317 (1976). *Commonwealth v. Cephan,* 447 Pa. 500, 291 A.2d 106 (1972).

Although there appears to be no Pennsylvania case law directly on point regarding admissibility of evidence obtained via illegal wiretapping that also has an independent source, there is a factually similar case out of the U.S. District Court involving the Federal Wiretapping Statute.

In *United States v. Molt,* 479 F.Supp. 929 (E.D. Pa. 1979), the defendant Molt sought to suppress testimony of his accomplice. Molt alleged that his accomplice's testimony against him was derived from an illegal tapping of a phone conversation between them. The court held that since the accomplice's decision to accept a plea bargain and testify against Molt was freely made without coercion,

---

2. It should be noted that in the instant case there was no illegal action/conduct by the police or other law enforcement agencies with respect to the illegal tape recording as the victim/husband placed the electronic device on his telephone.

it broke any link that might have existed between the accomplice's testimony and tapes of the defendant's conversations illegally obtained by the government. Molt, therefore, was not entitled to suppression of his accomplice's testimony.

Our appellate courts have held that evidence should not be excluded when the connection between the illegal evidence (wiretap) and evidence obtained therefrom has become so attenuated as to dissipate the taint. See *Commonwealth v. Garvin,* 448 Pa. 258, 293 A.2d 33 (1972). In other words, if the prosecution can demonstrate that the allegedly tainted evidence was procured through an independent origin, such evidence would be admissible as long as the road between the originally tainted evidence and the "poison fruit" was not direct and uninterrupted.[3] *Commonwealth v. Melilli,* 521 Pa. 405, 555 A.2d 1254 (1989).

In the instant case, the court finds the Commonwealth has so demonstrated and the testimony of Mary Kay Cassidy is admissible. Any "taint" of illegality via the wiretap is removed by Mrs. Cassidy's agreeing as a part of her plea bargain to cooperate in the investigation of Bowers and testify against him.

Any testimony that Mrs. Cassidy may offer against Bowers is a product of the plea bargain. Her decision to accept the plea and testify broke any link that may have existed between her testimony and the illegal taped conversation with defendant.

---

3. Though not controlling but illuminating, the court would note a well reasoned discussion of the instant subject matter in *Bartram v. State,* 33 Md. App. 115, 364 A.2d 1119, 1149-1152 (1976).

Further, any taint of illegality is removed through Mrs. Cassidy's independent knowledge of the crime (i.e. as a participant). The investigating officer, Trooper Fuller, testified at the June 24, 1992, hearing that Mrs. Cassidy requested to hear the taped conversation between her and the defendant merely to identify voices. Approximately after 5 to 10 seconds of the tape being played for her, which contained no incriminating statements, she gave a confession which also implicated the defendant.

Therefore, for the above reasons, the defendant's motion to suppress the testimony of Mary Kay Cassidy is denied.

## ORDER

And now, July 6, 1992, after consideration of the testimony, evidence and arguments of counsel, the defendant's motion to suppress the testimony of his co-defendant, Mary Kay Cassidy, is denied.